## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**JENNIFER SANDERS,**

     **Petitioner,**

**v.**                                    **Case No. 4:17cv442-RH/CAS**

**WARDEN COIL,**

     **Respondent.**

_____/

## REPORT AND RECOMMENDATION TO DENY § 2241 PETITION

On September 27, 2017, Petitioner Jennifer Sanders, a federal inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   ECF No. 1.   On January 26, 2018, Respondent filed an answer, with exhibits.   ECF No. 11.   Petitioner filed a reply on March 22, 2018.   ECF No. 14.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).   After careful consideration, the undersigned concludes Petitioner is not entitled to federal habeas relief and, accordingly, this § 2241 petition should be denied.

## Background and Procedural History

Petitioner Jennifer Sanders, an inmate at the Federal Correctional

Institution (FCI) in Tallahassee, Florida, filed this § 2241 petition

challenging the computation of her federal sentence and requesting prior

jail credit.   ECF No. 1.   Sanders' current projected release date is April 3,

2023.   *See* www.bop.gov/inmateloc.

   According to documents provided by Respondent, on October 3,

2013, Sanders was arrested by the Sheriff's Office of Dona Ana County,

New Mexico, for a state probation violation warrant, case number D-307-

CR-2008-00664, and possession of methamphetamine with intent to

distribute, case number NMCD#63312.   ECF No. 11-1 at 2 (Ex. 1, Decl. of

D. Colston, at 1).   Sanders has remained in continuous custody.   *Id.*

   In February 2014, the U.S. Marshals took Sanders into temporary

custody pursuant to a federal writ of habeas corpus ad prosequendum.

ECF No. 11-1 at 11 (Attach. 2 to Decl. of D. Colston).   On February 12,

2014, the federal court entered a detention order pending trial.   United

States v. Sanders, No. 2:13cr03696-RB (Feb. 12, 2014), ECF No. 44.   On

October 24, 2014, while she was in federal custody, the State of New

Mexico dismissed the probation violation charges in case number D-307-

CR-2008-00664, and Sanders was released to probation by the New

Mexico Department of Corrections.   ECF No. 11-1 at 13 (Attach. 3 to Decl.

of D. Colston).

On March 8, 2016, while still in federal custody, in case number 2:13CR03696-001RB, the U.S. District Court for the District of New Mexico sentenced Sanders, following her counseled guilty plea, to concurrent terms of 130 months in prison for multiple violations of 21 U.S.C. § 846, conspiracy to violate 21 U.S.C. § 841(b)(1)(A), distribution of 50 grams and more of methamphetamine, to be followed by a term of 5 years of supervised release.   ECF No. 11-1 at 21-26 (Judgment).   "Although she faced a maximum of life in prison, the district court imposed a 130-month sentence based on several downward departures."   United States v. Sanders, No. 2:13cr03696-RB, ECF No. 289 (Order Denying Certificate of Appealability).   Sanders did not appeal and, in fact, waived her right to appeal as part of her plea agreement.   *Id.*   In particular, the plea agreement included a "waiver of appeal rights," stating that she agreed to waive both a direct appeal and the right to collaterally attack her conviction or sentence "except on the issue of [her] counsel's ineffective assistance in negotiating or entering th[e] plea or th[e] waiver."   *Id.* (quoting Plea Agreement, ECF No. 100 at 8).   Sanders began serving her federal sentence.   *See* ECF No. 11-1 at 35.

On October 20, 2016, in New Mexico state court case number D-307-CR-201301104, after her entry of a counseled guilty plea, Sanders was

sentenced to 13 years in prison, followed by 2 years on parole, for

trafficking by possession with intent to distribute controlled substances.

ECF No. 11-1 at 28-32 (Judgment, Order and Commitment to the

Corrections Department).   The state court ordered this sentence "shall be

served concurrently" with Sanders' federal sentence.   *Id.* at 29.   The state

court directed that Sanders "shall receive pre-sentence confinement credit

from October 4, 2013, the date of [her] arrest, through October 20, 2016,

the date of [her] sentencing," pursuant to the parties' stipulation.   *Id.* at 30

and n.1.

In May 2016, Sanders sent a letter to the federal sentencing court

indicating that she wanted to challenge her sentence under Johnson v.

United States.   *See* United States v. Sanders, No. 2:13cr03696-RB

(D.N.M. July 20, 2016), ECF No. 245 (Order).   The district court issued an

order indicating it intended to recharacterize the letter as a motion to

vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and

affording Sanders the opportunity to withdraw the motion or amend it with

any additional claims she may have.   *Id.*   Thereafter, Sanders filed an

amended § 2255 motion, raising four claims of ineffective assistance of

counsel.   *Id.* ECF No. 250.   The district court denied the motion on

procedural grounds, enforcing the collateral-attack waiver in her plea

agreement.   *Id.* ECF No. 289 at 3.   Sanders appealed and, on November

21, 2017, the Tenth Circuit Court of Appeals denied her request for a

certificate of appealability and dismissed the appeal.   *Id.*

     In the meantime, as indicated above, Sanders filed this § 2241

petition on or about September 27, 2017.   ECF No. 1.   She indicates her

petition concerns a "[d]ispute over accurate jail credits from pretrial

detention."   *Id.* at 2.   She asserts the BOP has not properly calculated her

jail credit and indicates she "relies upon the Willis case arguing that when

she was prohibited from bonding out on state charges, because the federal

detainer was lodged," she should have received credit for her detention.

*Id.* at 3.   She indicates she presented this request to the BOP.   *Id.*

     Respondent filed an answer, with attachments.   ECF No. 11.

Respondent asserts the BOP has properly computed Sanders' sentence in

accordance with federal statutes and Program Statement 5880.28,

Sentence Computation Manual (CCCA of 1984), and she is not entitled to

any additional sentencing credit.   *Id.* at 6-8.   Respondent explains that

Sanders seeks credit from October 4, 2013, through October 24, 2014, but

she received credit on her state sentence for this time and, "[t]herefore, it

was not credited to her federal sentence."   *Id.* at 7.   Respondent further

explains the BOP reviewed Sanders' sentence computation pursuant to

Willis v. U.S., 449 F.2d 923 (5th Cir. 1971), and Kayfez v. Gasele, 993 F.2d 1288 (7th Cir. 1993), and Sanders "did not qualify for this time, or any other time for the purposes of Willis credit, because the raw effective full term (EFT) release date of the state sentence was longer than the raw full term date of the federal sentence."   ECF No. 11 at 7-8 (footnote omitted). Respondent also asserts the BOP's computation of Sanders' sentence is entitled to deference.   *Id.* at 8-9.   Respondent asserts this Court should dismiss or deny Sanders' petition.   *Id.* at 10.

Sanders has filed a reply.   ECF No. 14.   Sanders states that she has been in exclusive federal custody since the State of New Mexico dismissed the VOP charges on October 24, 2014.   *Id.* at 1.   Her federal sentence was imposed March 8, 2016, after which she was transferred to FCI Tallahassee.   *Id.*   She states that, while in Tallahassee, the BOP gave her credit for her time in federal custody.   *Id.*   Further, while in Tallahassee, the State of New Mexico sentenced her to 13 years to run concurrent with her federal sentence.   *Id.* at 2.   She states she never left Tallahassee; the New Mexico state court sentenced her via video/phone conference.   *Id.*   She states that, after the state sentence was imposed, the BOP withdrew the previously awarded credit for time in federal custody. *Id.*   She states she has been in federal custody since February 5, 2014,

and is entitled to credit on her federal sentence for all that time.   *Id.*

Sanders asserts BOP Program Statement 5880.28 applies.   *Id.* at 2-3.

## Analysis

The Judiciary Act of 1789 granted federal courts the power to issue

the writ of habeas corpus.   *See* United States v. Hayman, 342 U.S. 205

(1952).   The habeas remedy is now codified in 28 U.S.C. § 2241,

subsection (c)(3) of which provides that the writ of habeas corpus shall not

extend to a prisoner unless the prisoner is "in custody in violation of the

Constitution or laws or treaties of the United States."   As noted in Hayman,

prisoners must bring habeas corpus applications in the district of

confinement.   342 U.S. at 213.   Because courts with federal prisons in

their jurisdictional boundaries became inundated with habeas petitions, and

because the materials, witnesses, and other evidence which had a

significant bearing on the determination of the legality of a sentence were

generally located in the district where sentence was imposed rather than

where the prisoner was confined, in 1948 Congress enacted § 2255 of Title

28.   *See id.* at 212–14, 218; *see also* Wofford v. Scott, 177 F.3d 1236,

1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has

expressly concluded, that this statute channels challenges to the legality of

the imposition of a sentence, while leaving § 2241 available to challenge

the continuation or execution of an initially valid confinement.   *See*

Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351–52 (11th Cir.

2008); United States v. Jordan, 915 F.2d 622, 629 (11th Cir. 1990)

(explaining § 2255 is primary method of collateral attack on federally

imposed sentence).   Thus, § 2241 provides an avenue for challenges to

matters such as the administration of sentences or parole, prison

disciplinary actions, prison transfers, and certain types of detention.   *See*

Antonelli, 542 F.3d at 1352 (petition challenging decision of federal Parole

Commission is properly brought pursuant to § 2241); Thomas v. Crosby,

371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention

is properly brought pursuant to § 2241); Bishop v. Reno, 210 F.3d 1295,

1304 n.14 (11th Cir. 2000) (petition challenging Bureau of Prisons'

administration of service credits, including calculation, awarding, and

withholding, involves execution rather than imposition of sentence, and

thus is matter for habeas corpus).

In this case, Sanders' § 2241 petition challenges the execution of her

sentence, specifically the BOP's calculation of her sentence and denial of

credit for some time spent in pretrial detention.   After a federal court

imposes a sentence, the U.S. Attorney General, acting through the BOP,

administers the federal defendant's sentence and initially has the exclusive authority to determine when the federal sentence commences and compute sentence credit awards after sentencing.    18 U.S.C. §§ 3585(a), 3621(a)-(b); United States v. Wilson, 503 U.S. 329, 335 (1992); Rodriguez v. Lamar, 60 F.3d 745, 747 (11th Cir. 1995).

A federal inmate challenging the BOP's sentence calculation must first exhaust administrative remedies with the BOP, and then the district court may review the constitutionality of the BOP's decision regarding computation of the federal sentence and statutory construction.    *See* Rodriguez, 60 F.3d at 747.    "[I]f congressional purpose is clear, then interpreting courts and administrative agencies 'must give effect to the unambiguously expressed intent of Congress.'" *Id.* (quoting Chevron U.S.A. Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842-43 (1984)).    If the statutory provision is silent or ambiguous, the court must defer to the agency's reasonable interpretation unless the interpretation is "'arbitrary, capricious, or manifestly contrary to the statute.'"    *Id.* (quoting Chevron, 467 U.S. at 844).

Petitioner Sanders is not entitled to relief in this case.    Sanders' federal sentence was imposed March 8, 2016, for drug offenses ending June through August of 2013.    *See* ECF No. 11-1 at 21-26.    She was in

exclusive federal custody, however, starting October 25, 2014, the day

after the State of New Mexico dismissed the violation of probation charge

and released her to state probation, while she was on the federal writ of

habeas corpus ad prosequendum.   *See* ECF No. 11 at 4; ECF No. 11-1 at

2.   Accordingly, the BOP's sentence computation indicates Sanders was

given jail credit from October 25, 2014, through March 7, 2016.   ECF No.

11-1 at 36.

Sanders seeks additional credit, however, for the time from her arrest

by New Mexico state authorities, starting October 4, 2013, through October

24, 2014, when she was released by the State of New Mexico Department

of Corrections (while she was in federal custody pursuant to the writ of

habeas corpus ad prosequendum).   ECF No. 2 at 3, 5.   When the New

Mexico state court imposed sentence on October 20, 2016, for a state drug

trafficking offense occurring on or about October 4, 2013, that court

awarded Sanders "pre-sentence confinement credit from October 4, 2013,

. . . through October 20, 2016."   ECF No. 11-1 at 30.   The court noted that

"[t]he parties stipulated that the defendant would receive pre-sentence

confinement in this matter for the time she spent in federal custody."   *Id.* at

n.1.   The court also directed that Sanders "shall further receive credit for

such post-sentence confinement served . . . from October 20, 2016, and

prior to the filing of the Judgment." *Id.* at 30.   The copy of the judgment

attached by Respondent indicates it was filed November 30, 2016.   *Id.* at

28.   Thus, it appears the state court allowed Sanders jail credit from

October 4, 2013, through November 30, 2016.

As indicated above, the state court directed that Sanders' state

sentence "shall be served concurrently" with Sanders' federal sentence.

*Id.* at 29.   Accordingly, the state court ordered:

> [T]he Defendant be taken into custody in this matter where the
> Defendant is already in federal custody with the Federal Bureau
> of Prisons in FCI Tallahassee, Florida, where the Defendant is
> to be confined for the above term to run concurrently with the
> federal sentence.   If the Defendant is released from federal
> custody and she still owes time in this matter, the Defendant
> shall be transported to the custody of the New Mexico
> Corrections Department to complete the above term.

*Id.*

The federal court imposed Sanders' federal sentence before the state

court sentenced her, and the federal court judgment did not address any

future state sentence Sanders may receive.   *See* ECF No. 11-1 at 21-26.

"Multiple terms of imprisonment imposed at different times run

consecutively unless the court orders that the terms are to run

concurrently."   18 U.S.C. § 3584(a).   The Government, in its response

filed in this Court, does not indicate whether it disputes Sanders' position

that her sentences are being served concurrently, though the Government

does address the applicability of Willis/Kayfez credits and notes, in footnote

2, that such credits "only apply to sentences running concurrently." ECF

No. 11 at 6 n.2; *see id.* at 6-8.

Importantly, the Willis case, decided in 1971, predates 18 U.S.C.

§ 3585, the statute that controls the calculation of federal sentences.   *See*

Wilson, 503 U.S. at 337 (In enacting section 3585(b), "Congress made

clear that a defendant could not receive a double credit for his detention

time."); *see also, e.g.*, Dupree v. Warden, FCI Miami, 606 F. App'x 559,

560 (11th Cir. 2015) ("The statute that Willis applied, 18 U.S.C. § 3585(b),

was amended in 1987 . . . to 'ma[k]e clear that a defendant [can] not

receive a double credit for his detention time."); Davis v. Blackmon, No.

5:17cv63-MCR/CJK, 2017 WL 4128400 at *2 (N.D. Fla. Aug. 11, 2017)

(Report and Recommendation to deny § 2241 petition).   Further, assuming

the Willis holding survives the amendment to the statute, the Willis/Kayfez

analysis applies only if the federal court indicates the federal sentence is

concurrent to any non-federal sentence.   *See, e.g.*, Davis v. Blackmon,

No. 5:17cv63-MCR/CJK, 2017 WL 4128400 at *3 (N.D. Fla. Aug. 11, 2017)

(Report and Recommendation to deny § 2241 petition, citing Dupree, and

explaining "[e]ven assuming the Willis exception survived the enactment of

18 U.S.C. § 3585(b), petitioner is not entitled to the prior custody credit he

seeks because he did not serve concurrent state and federal sentences");

Preciado-Rojas v. Johns, No. 5:16cv2, 2017 WL 3882518 at *5 (S.D. Ga.

Sept. 5, 2017) (Report and Recommendation to deny § 2241 petition, citing

Dupree and explaining "[t]he viability of Willis credits has been called into

question following statutory amendments" and, further, "[r]egardless, the

Willis exception requires, among other conditions, that the federal sentence

be concurrent to the state sentence"); Hearing v. Keller, No. 1:11cv2659-

WSD/RGV, 2011 WL 6755139 at *3 (N.D. Ga. Nov. 8, 2011) (Report and

Recommendation to deny § 2241 petition, explaining BOP Program

Statement 5880.28 provides Willis credits and Kayfez credits may only be

awarded if the federal and non-federal sentences are concurrent).

From the exhibits provided, it is clear that Sanders is currently serving

her federal sentence and, once she is released from her federal sentence,

if she still owes time on her state sentence, she will serve the remainder of

her state sentence in the New Mexico Department of Corrections, pursuant

to her state court judgment, quoted *supra*.   Thus, Sanders' federal and

state sentences appear concurrent pursuant to the state court's judgment,

but not according to the federal court's judgment.   *See* Setser v. United

States, 566 U.S. 231, 241 (2012) (explaining principles of federalism

applicable in concurrent-vs.-consecutive sentencing decisions:   "In our American system of dual sovereignty, each sovereign – whether the Federal Government or a State – is responsible for 'the administration of [its own] criminal justice syste[m].'   If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government – whether the district court or the Bureau of Prisons – that decides whether he will receive credit for the time served in state custody.   And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter." (emphasis added and citation omitted)); United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003) ("[W]e conclude only that the federal court may control the federal sentence and whether a defendant will receive federal credit for the time served on his state sentence.   We fully recognize that the Supremacy Clause does not permit federal courts to control how a state court sentences a defendant.   As stated in [United States v.] Ballard, [6 F.3d 1502, 1509 (11th Cir. 1993),] '[w]hich court sentences first is irrelevant.   The tenet for dual sovereignty purposes is that each sovereign must respect not only the sentencing authority of the other, but also the sentence.");   Espinoza-Garcia v. Johns, No. 5:15cv62,

2017 WL 3785218 at *4 (S.D. Ga. Aug. 31, 2017) (Report and Recommendation to deny § 2241 petition, citing Andrews and noting that state court ordered petitioner's state sentences to run concurrent with his previously imposed federal sentence, but "the authority to order a federal sentence to run concurrent or consecutive with any other sentence rests solely with the federal sentencing court").

The federal statute governing the calculation of a term of imprisonment provides:

> **Credit for Prior Custody**.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1)  as a result of the offense for which the sentence was imposed; or
>>
>> (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

*Id*. § 3585(b) (emphasis added).   From the documents provided, the New Mexico state court has credited toward Sanders' state sentence the time for which Sanders here seeks credit, notwithstanding that she had been detained by the federal court and in federal custody since February 12, 2014.   *See* ECF No. 11-1 at 30; United States v. Sanders, 2:13cr03696-

RB (Feb. 12, 2014), ECF No. 44 (Detention Order Pending Trial).   In

particular, as referenced above, the state court judgment noted, "The

parties stipulated that the defendant would receive pre-sentence

confinement in this matter for the time she spent in federal custody."   ECF

No. 11-1 at 30.   Accordingly, pursuant to § 3585(b), Sanders cannot also

receive credit on her federal sentence for this time.   *See, e.g.*, <u>Scruggs v.</u>

<u>Adkinson</u>, 423 F. App'x 858 (11th Cir. 2011) ("Because the language of

§ 3585(b) is clear, we must give effect to the unambiguously expressed

intent of Congress to prevent a defendant from receiving a prior custody

credit for time that has been credited against another sentence.").

      Respondent attaches the Declaration of Deborah Colston,

Management Analyst, Federal BOP, dated January 16, 2018, in support of

its position.   ECF No. 11-1.   Colston explains that she audited the

sentence computation for Petitioner Sanders and the audit revealed that

"[t]he computation has been computed in accordance with federal statute,

Bureau of Prisons policy, and the intent of the sentencing court."   *Id.* at 1.

Colston explains that Sanders had pursued administrative remedies at the

Institutional, Regional, and Central Office levels.   *Id.* at 3.   Colston further

explains Sanders' habeas request that "she be given 'Willis' credits on her

federal sentence because she was prevented from bonding out on state

charges due to the federal detainer," from October 4, 2013, through

October 24, 2014.   *Id.*   Colston then explains why the BOP denied such

request:

> 9.   In response to these allegations, the Bureau has reviewed the circumstances and documentation regarding petitioner's allegation.   The Bureau of Prisons uses Title 18, U.S.C. § 3585(b) to determine prior custody credit on federal sentence. Title 18, U.S.C. § 3585(b) states in part, "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences, **that has not been credited against another sentence**."   (Emphasis added)   This statute precludes the award of credit if it has been credited toward another sentence.   In this case the Petitioner was awarded the credit she seeks from October 4, 2013 through October 24, 2014, by the state.   Therefore, it was not credited by the Bureau of Prisons.   *Attachment 8*
>
> 10.   Program Statement 5880.28, sates, "time spent in custody under a writ of habeas corpus from non-federal custody will not in and of itself be considered for the purpose of crediting presentence time."   The primary reason for "writ" custody is not the federal charge.   The federal court merely "borrows" the prisoner under the provisions of the writ for secondary custody. In the Petitioner's case, she was in service of her state sentence, which continued to run while he [sic] was on Writ. *Attachment 9*
>
> 11.   Pursuant to *Willis v. U.S.*, 449 F.2d 923 (CA 5, 1971) and *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), the Bureau reviewed the Petitioner's sentence computation for *Willis/Kayfez* credits.   The Petitioner did not qualify for this time, because the raw full term release date of the state sentence was longer than the raw full term date of the federal sentence.   Additionally, she was credited by the state for the time in which he [sic] seeks from October 4, 2013 through

October 24, 2014, the date she released on Probation to
federal custody.   *Attachment 10 & 11*

12.   Pursuant to Program Statement 5880.28, Sentence
Computation Manual (CCCA of 1984), and the provisions of
Title 18 U.S.C. § 3585(a), the earliest possible date a sentence
can commence is the date on which it was imposed.
Therefore, the Petitioner's federal sentence has been computed
to commence on March 8, 2016, the date it was imposed.   The
Petitioner has received jail credit from October 25, 2014,
through March 7, 2016.   *Attachment 12*

*Id.* at 3-4; *see id.* at 40-57.

Finally, Petitioner Sanders also argues "the BOP has previously

provided her credit on her federal sentence beginning October 4, 2013,

[through October 24, 2014,] which is a loss of one year and twenty-one

days."   ECF No. 2 at 3; *see* ECF No. 14.   She points out that "[t]his 1 year

and 21 days, from October 4, 2013 – October 24, 2014 is what is in dispute

here."   *Id.*   It is not clear from the records provided by Respondent or

Respondent's answer whether the BOP did initially award credit for this

time, *see* ECF No. 11, 11-1; however, copies of records provided by

Sanders with her reply appear to support her assertion that BOP initially

awarded credit beginning October 4, 2013, *see* ECF No. 14 at 7-8.

Assuming the BOP did initially award this credit on her federal sentence, it

was not authorized by the applicable statute, 18 U.S.C. § 3585(b), as

explained above, once this time had been credited by the state court

toward Sanders' state sentence.   As also explained above, the current

BOP sentence computation indicates Sanders was given jail credit from

October 25, 2014, through March 7, 2016.   ECF No. 11-1 at 36.   To the

extent the BOP revised its initial award of jail credit, Sanders is not entitled

to habeas relief.   *See* Travieso v. Fed. Bureau of Prisons, 217 F. App'x

933 (11th Cir. 2007).

Based on the foregoing, Petitioner Sanders has not shown the BOP

abused its discretion in ruling on her request for credit on her federal

sentence.   This § 2241 petition should be denied.

## Conclusion

It is therefore respectfully **RECOMMENDED** that the petition for writ

of habeas corpus filed under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on March 29, 2018.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this
Report and Recommendation, a party may serve and file specific
written objections to these proposed findings and recommendations.
Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served
upon all other parties.   A party may respond to another party's
objections within fourteen (14) days after being served with a copy**

Case No. 4:17cv442-RH/CAS

thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.